IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RONNIE D. LYLES**<br>3116 Walters Lane<br>Forestville, Maryland 20747 | ***Jury Trial Demanded*** |
| Plaintiff, | |
| v. | Civil Case No.: 8:15-cv-01056 |
| **CPL JEFF PRAWDZIK**<br>*Individually and in his Official*<br>*Capacity as a Riverdale Park Police Officer*<br>Riverdale Park Police Department<br>5004 Queensbury Road<br>Riverdale Park, Maryland 20737 | |
| and | |
| **PFC BLANCO**<br>*Individually and in his Official*<br>*Capacity as a Riverdale Park Police Officer*<br>Riverdale Park Police Department<br>5004 Queensbury Road<br>Riverdale Park, Maryland 20737 | |
| and | |
| **SGT B. SLATTERY**<br>*Individually and in his Official*<br>*Capacity as a Riverdale Park Police Officer*<br>Riverdale Park Police Department<br>5004 Queensbury Road<br>Riverdale Park, Maryland 20737 | |
| and | |
| **RIVERDALE PARK**<br>**POLICE DEPARTMENT**<br>5004 Queensbury Road<br>Riverdale Park, Maryland 20737 | |
| SERVE:   Frederick C. Sussman, Esq.<br>             Town Attorney for the<br>             Town of Riverdale Park | |

|  |
|---|
| 125 West Street<br>4th Floor<br>Annapolis, Maryland 21404<br><br><br>Defendants. |

# COMPLAINT AND JURY DEMAND

COMES NOW, plaintiff Ronnie D. Lyles, by and through his attorney, Cary J. Hansel, and the law firm of Hansel Law, P.C., and sues the above-named defendants, and as cause therefor states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to its powers to resolve federal questions under 28 U.S.C. § 1331.

2. Venue is proper in this Court because all of the material events occurred in Prince George's County, Maryland, which is in this district.

3. Plaintiff timely filed a proper notice under the Local Government Tort Claims Act, Sections 5-301 *et seq.* of the Courts and Judicial Proceedings Article for all state law claims pleaded herein in full compliance with said Act.

4. The Complaint is filed within three years of the cause of action.

5. The amount in controversy exceeds $75,000.

## PARTIES

6. Plaintiff Ronnie Darwin Lyles ("Mr. Lyles"), is, and was at all times relevant to the occurrence complained of herein, an adult resident of the State of Maryland. Mr. Lyles is the aggrieved party in this suit and resides at 3116 Walters Lane, Forestville, Maryland 20747.

7. Defendants Cpl. Jeff Prawdzik (#094), PFC Blanco (#101) and Sgt. Slattery (#084) are, and at all times relevant to the occurrence complained of herein were, adult residents of the State of Maryland. The individual defendants are, and at all times relevant to the occurrence complained of herein were, employed by the town of Riverdale Park, Maryland as police officers, and at all times relevant hereto were acting in their official capacities as police officers and under the authority and color of law.

8. Defendants waived any applicable immunity in accordance with the Local Government Tort Claims Act. Defendant Riverdale Park is a body politic and corporate body that may sue and be sued.

## FACTS COMMON TO ALL COUNTS

9. On or about April 14, 2012, at approximately 2230 hours, near the intersection of 56th Avenue and Nicholson Street, in Riverdale, Mr. Lyles and his fiancée, Paula Moreno, were pulled over by Riverdale Park Police Officer PFC Blanco #101.

10. Officer Blanco alleged that Mr. Lyles was driving the vehicle without his seatbelt fastened. In actuality, Mr. Lyles habitually secures his seatbelt and had only just unbuckled the seatbelt in order to retrieve his driver's license and registration from the glove box after being pulled over.

11. In fact, Mr. Lyles was holding his recently undone seat belt buckle in his left hand when Officer Blanco arrived at the driver's side window. After receiving an abrupt and insulting

3

greeting from Officer Blanco, Mr. Lyles politely asked the officer, "why are you pulling me over?"  Officer Blanco refused to answer Mr. Lyle's lawful inquiry.

12. Mr. Lyles respectfully repeated the inquiry.  Once again, Officer Blanco refused to address the pertinent question.

13. Mr. Lyles repeated the question for a third time.  Finally, Officer Blanco responded, "no seat belt."  Mr. Lyles was shocked.  He explained that he had only recently unbuckled the seat belt in order to retrieve his license and registration from the glove box.  Officer Blanco ignored the factual explanation.

14. Interestingly, Ms. Moreno, the front passenger, also a habitual seat belt user, was still fully buckled.  To no avail, she also assured Officer Blanco that Mr. Lyles had been wearing his seat belt.

15. Next, Mr. Lyles attempted to give Officer Blanco his license and registration.  Officer Blanco refused to accept the documents.

16. Instead, for unknown reasons, he radioed for backup.  Within minutes, five marked police cruisers and seven police officers arrived on the scene.

17. Four officers, including defendants Prawdzik and Slattery approached the driver's side of the vehicle.  Officer Blanco ordered Mr. Lyles to exit the vehicle.

18. Mr. Lyles promptly followed the officer's instructions and slowly exited the vehicle.  Mr. Lyles was instructed to place his hands on the vehicle.  He followed this instruction.

19. Almost immediately upon turning his back to the officers, Mr. Lyles was tasered in the center of back by Blanco.  Mr. Lyles uncontrollably fell to the ground striking his head with a thud against the parking lot surface.

4

20. Understandably, Ms. Moreno was shocked and concerned for the safety of her fiancé and the father of her children. Mr. Lyles began to violently shake on the ground. Ms. Moreno attempted to rush to Mr. Lyles' side.

21. She was prevented from reaching him by Slattery of the Riverdale Park Police. Ms. Moreno was powerfully pushed against the side of her vehicle and her cell phone was removed from her person. She was never able to reach her fiancé's side as he lay on the ground writhing in uncontrollable pain. Ms. Moreno was able to witness multiple police officers, including the defendants, punch and kick Mr. Lyles while he was vulnerably lying on the ground.

22. Finally, the beating concluded and an ambulance arrived to take Mr. Lyles to the hospital. Surprisingly, neither the Prince George's County Emergency Medical Services nor the police officers would tell Ms. Moreno where her fiancé was being taken for treatment. Much later, Ms. Moreno will learn that Mr. Lyles was rushed to the Washington Adventist Hospital Emergency Department.

23. Upon discharge from the hospital, Mr. Lyles was taken to District I Hyattsville Station for processing by the defendants. After processing he was turned over to Department of Corrections personnel.

24. Mr. Lyles was falsely arrested and illegally imprisoned by the defendants until approximately 1600 on Sunday, April 15, 2012.

25. Mr. Lyles was falsely charged by the defendants with second degree assault, failure to obey, and disorderly conduct.

26. Thereafter, Mr. Lyles was maliciously prosecuted for these crimes, which he did not commit, by the officers. The malicious prosecution terminated in Mr. Lyles favor when he was found not guilty of all charges.

27.     As a result of this incident, Mr. Lyles has suffered, and continues to suffer, significant mental and physical pain and anguish.  Mr. Lyles' driver's license, an essential tool in his employment as a professional driver, was suspended as a result of the malicious prosecution.  Mr. Lyles suffered economic damages related to an inability to work and medical expenses.  Ms. Moreno suffered, and continues to suffer, emotional distress.

28.     As a result of the misconduct outlined above, Mr. Lyles suffered, among other personal and pecuniary injuries and economic and non-economic damages, severe physical injuries, and emotional and physical stress.  Mr. Lyles no longer feels safe or comfortable driving, and now lives in fear of encountering Officers Blanco #101, Prawdzik #094, and Sergeant Slattery #084.

29.     As a result of the defendants' actions, plaintiff has suffered, and continues to suffer, mental anguish, emotional pain and suffering, and financial loss.

30.     Defendants' actions were outrageous and beyond the bounds of decency.

31.     Defendants' acts abused their power and were used to oppress Mr. Lyles.

32.     Defendants' acts were a foreseeable cause of the injuries sustained by Mr. Lyles.

33.     At all times relevant hereto, defendants subjected Mr. Lyles to the deprivation of his rights with actual or implied malice, in an unreasonable and unnecessary fashion.

34.     Defendants' acts shocked the conscience and amount to an inhumane abuse of power, thereby subjecting Mr. Lyles to a deprivation of his constitutional rights and privileges.

35.     At all times relevant hereto, defendants acted without legal justification or excuse.

36.     At all times relevant hereto, defendants acted with an evil and rancorous motive, influenced by hate, the purpose being to deliberately and willfully injure Mr. Lyles.

37.     At all times relevant hereto, defendants acted deliberately, with ill will, improper motive, and actual malice.

38.     At all times relevant hereto, defendants acted under color and pretense of law, and under color of statutes, customs, and usages of the State of Maryland.

39.     At all times relevant hereto, defendants acted within the scope of their employment.

40.     Defendants and/or any other unnamed officers committed each of the acts knowingly, intentionally, and maliciously.  As a result, Mr. Lyles is entitled to an award of compensatory and punitive damages.

41.     In the alternative, at all times relevant hereto, the Defendants acted with negligence and/or gross negligence in violation of the lawful duties owed Mr. Lyles.

42.     At no time did Mr. Lyles cause or contribute to his injuries.

43.     As a direct and proximate result of the aforesaid conduct, actions, and inactions of Defendants, as well as those stated elsewhere herein, Mr. Lyles was caused to suffer and continues to suffer physical pain and mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, loss of society, shame, and loss of enjoyment of life.  Mr. Lyles was caused to suffer and continues to suffer from economic damages, including, but not limited to, lost time and wages from work, lost earning capacity, and medical bills, all to his great detriment.

44.     As a direct and proximate result of Defendants' unconstitutional acts, Mr. Lyles suffered humiliation and extreme mental and post-traumatic emotional distress.

45.     As a further proximate result of Defendants' unconstitutional acts, Mr. Lyles incurred expenses and lost income as a result of his inability to transact his usual business.

46. Plaintiff further alleges that all of his injuries, losses and damages – past, present, and prospective – were caused solely by the actions of Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of plaintiff, either directly or indirectly.

## COUNT I
### (Malicious Prosecution – as against all Defendants)

47. Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

48. Defendants initiated and continued a criminal proceeding against plaintiff without proper justification.

49. The criminal case terminated in favor of plaintiff.

50. There was no probable cause for plaintiff's arrest, detention, or the criminal case against him.

51. The prosecution of plaintiff in the criminal case was undertaken with malice and/or a purpose other than bringing plaintiff to justice.

52. Defendants caused the criminal prosecution of plaintiff by falsely asserting that she had committed various crimes, which defendants knew that plaintiff had not committed.

53. Defendants' actions constituted malicious prosecution.

54. Defendants' aforesaid acts were undertaken deliberately.

55. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, as well as those stated elsewhere herein, plaintiff was caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, plaintiff Mr. Lyles demands judgment against defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION

DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT II
### (Unlawful Custom, Pattern, or Practice of Improper Conduct
### *Longtin* Claim – as against all Defendants)

56. Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

57. The malicious prosecution of citizens occurs so frequently in Riverdale Park that it has become accepted manner by defendants. This is a result of the defendants' failure to establish effective procedures, rules, orders, guidelines and practices to ensure that such actions will not occur and to ensure that allegations of wrongdoing will be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice malicious prosecution. This pattern and practice has been manifested in other prior incidents with the Riverdale Park Police.

58. Defendant Riverdale Park failed to effectively instruct officers that they have a duty to prevent and report malicious prosecutions when it occurs.

59. The policies and customs of defendants, as set forth herein, demonstrate a gross disregard for the constitutional rights of the public and the plaintiff. At the time of the injury to plaintiff, the defendants were operating under unconstitutional customs, policies, and procedures of Riverdale Park. These customs, policies, and procedures were a proximate cause of the plaintiff's injuries.

60. As a direct and proximate result of the aforesaid conduct, actions and inactions of defendants, as well as those stated elsewhere herein, plaintiff was caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, plaintiff Mr. Lyles demands judgment against defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

## COUNT III
### (Gross Negligence – as against all Defendants)

61. Plaintiff adopts and incorporates by reference each and every allegation contained in the forgoing paragraphs verbatim with the same effect as if herein fully set forth.

62. Defendants acted with a wanton and reckless disregard for plaintiff's rights by maliciously prosecuting him.

63. Defendants intentionally failed to perform their duties by causing plaintiff to be maliciously prosecuted.

64. Defendants' conduct demonstrated a thoughtless disregard of the consequences of their actions and no effort to avoid these consequences.

65. Defendants' conduct demonstrated an indifference to plaintiff's right not to be maliciously prosecuted to the point where they acted as if such rights did not exist.

66. Defendants intentionally inflicted injuries on plaintiff through their wrongful conduct.

67. As a direct and proximate result of the aforesaid conduct, actions and inactions of defendants, as well as those stated elsewhere herein, plaintiff was caused to suffer and continues to suffer the mental, emotional, and economic damages described above.

WHEREFORE, plaintiff Mr. Lyles demands judgment against defendants, individually, jointly and severally, in an amount to be determined at trial, but not less than TEN MILLION DOLLARS ($10,000,000.00) plus interest, costs, and attorneys' fees, and punitive damages, in an amount to be determined at trial, but not less than TWENTY MILLION DOLLARS ($20,000,000.00), and such other and further relief as the nature of the case requires.

   a. that this Court award Plaintiff the costs of these proceedings; and
   b. that this Court award Plaintiff such other and further relief as in law and justice they may be entitled.

## COUNT IV
### (42 U.S.C. § 1983 – 14th Amendment)

68. The plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs with the same effect as if herein fully set forth.

69. Defendants Prawdzik, Blanco and Slattery at all relevant times hereto, acted under color of State law.

70. Defendants Prawdzik, Blanco and Slattery deprived plaintiff Lyles of his rights under the Fourteenth Amendment of the United States Constitution, said rights including freedom from summary punishment and excessive and unreasonable force.

71. At all times relevant hereto, defendants Prawdzik, Blanco and Slattery deliberately subjected the plaintiff to the deprivation of his rights with actual or implied malice, using unreasonable and unnecessary force in the treatment of Mr. Lyles, thereby injuring him as

alleged. This treatment violated Lyles' right to be free from summary punishment as protected by the Fourteenth Amendment to the United States Constitution.

72. Mr. Lyles sustained injuries as a direct and proximate result of the individual defendant's assault on him, as well as consciously experienced pain and suffering, humiliation, and embarrassment, all to his detriment.

WHEREFORE, the Plaintiff demands judgment against defendants Prawdzik, Blanco and Slattery and Riverdale Park, jointly and severally, claims damages and requests that this Honorable Court:

1. Award Five Million Dollars ($5,000,000) in compensatory damages;

2. Award Five Million Dollars ($5,000,000) in punitive damages;

3. Award attorneys' fees and costs; and

4. Award such other and further relief as the Court may deem appropriate.

## COUNT V
## (42 U.S.C. § 1983 – 4th Amendment)

73. The Plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs with the same effect as if herein fully set forth.

74. Defendants Prawdzik, Blanco and Slattery at all relevant times hereto, acted under color of State law.

75. Defendants Prawdzik, Blanco and Slattery deprived plaintiff Lyles of his rights under the Fourth Amendment of the United States Constitution, said rights including freedom from unreasonable search and seizure and arrest without probable cause.

76. At all times relevant hereto, Defendants Prawdzik, Blanco and Slattery deliberately subjected the plaintiff to the deprivation of his rights with actual or implied malice,

12

searching, seizing and arresting him without reasonable suspicion or probable cause to do so, thereby injuring him and depriving him of his liberty as alleged. This treatment violated Lyles' right to be free from unreasonable search and seizure and arrest without probable cause as protected by the Fourth Amendment to the United States Constitution.

77. Mr. Lyles sustained damages as a direct and proximate result of his unlawful search, seizure, false arrest and false imprisonment, as well as consciously experienced pain and suffering, humiliation, and embarrassment, all to his detriment.

WHEREFORE, the Plaintiff demands judgment against defendants Prawdzik, Blanco and Slattery and Riverdale Park, jointly and severally, claims damages and requests that this Honorable Court:

1. Award Five Million Dollars ($5,000,000) in compensatory damages;

2. Award Five Million Dollars ($5,000,000) in punitive damages;

3. Award attorneys' fees and costs; and

4. Award such other and further relief as the Court may deem appropriate.

### COUNT VI
### (42 U.S.C. § 1983 – 14th Amendment *Monell* Claim)

78. The plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs with the same effect as if herein fully set forth.

79. Defendant Riverdale Park failed to adequately train, supervise, and discipline its officers against the use of excessive force and against arrest and imprisonment without probable cause. The failure to properly train, supervise, and discipline officers demonstrates a gross disregard for the constitutional rights of the public and the Plaintiff, and was a proximate cause of the injuries to Mr. Lyles.

80. Riverdale Park has instituted and maintained formal and informal customs, policies, and practices that foster, promote and encourage officers to use excessive force and to arrest without probable cause. Among those practices are the following:

a. The use of excessive force occurs so frequently that it has become accepted manner by the defendants and other employees of Riverdale Park. This is a result of Riverdale Park's failure to establish effective procedures, rules, orders, guidelines and practices to ensure that excessive force will not be used and to ensure that allegations of excessive force will be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice of excessive force, failure to provide adequate medical care, cover-up, and failure to investigate. This pattern and practice has been manifested in other prior incidents involving town officers.

b. Riverdale Park has failed to effectively instruct officers that they have a duty to prevent and report excessive force when it occurs.

c. Riverdale Park has failed to keep accurate records as to the number of injuries to citizens by members of its police force. This policy encourages the use of force in an improper manner and inhibits Riverdale Park from critically evaluating the need for a change in training.

d. Riverdale Park lacks an effective internal affairs procedure and has no meaningful system to control and monitor the recurrence of excessive force by officers who have a pattern or history of such behavior.

81. The policies and customs of Riverdale Park, as set forth herein, demonstrate a gross disregard for the constitutional rights of the public and the plaintiff. At the time of the injury to the plaintiff, the defendants were operating under unconstitutional customs, policies,

and procedures. These customs, policies, and procedures were a proximate cause of the injuries to Mr. Lyles.

WHEREFORE, the plaintiff demands judgment against defendants, jointly and severally, claims damages and requests that this Honorable Court:

1. Award Five Million Dollars ($5,000,000) in compensatory damages;

2. Award Five Million Dollars ($5,000,000) in punitive damages;

3. Award attorneys' fees and costs; and

4. Award such other and further relief as the Court may deem appropriate.

## COUNT VII
## (42 U.S.C. § 1983 – 4th Amendment *Monell* Claim)

82. The plaintiff adopts and incorporates by reference the allegations contained in the foregoing paragraphs with the same effect as if herein fully set forth.

83. Defendant Riverdale Park failed to adequately train, supervise, and discipline its officers against arrest and imprisonment without probable cause. The failure to properly train, supervise, and discipline officers demonstrates a gross disregard for the constitutional rights of the public and the Plaintiff, and was a proximate cause of the injuries to Mr. Lyles.

84. Riverdale Park has instituted and maintained formal and informal customs, policies, and practices that foster, promote and encourage officers to arrest without probable cause. Among those practices are the following:

a. Arrest without probable cause occurs so frequently that it has become accepted manner by the defendants and other employees of Riverdale Park. This is a result of Riverdale Park's failure to establish effective procedures, rules, orders, guidelines and practices to ensure that arrests will be supported by probable cause and to ensure that allegations to the contrary will

be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice of arrest without probable cause, cover-up, and failure to investigate. This pattern and practice has been manifested in other prior incidents involving town officers.

     b.     Riverdale Park has failed to effectively instruct officers that they have a duty to prevent and report false arrest when it occurs.

     c.     Riverdale Park has failed to keep accurate records as to the number of false arrests by members of its police force. This policy encourages arrests without probable cause and inhibits Riverdale Park from critically evaluating the need for a change in training.

     d.     Riverdale Park lacks an effective internal affairs procedure and has no meaningful system to control and monitor the recurrence of false arrest by officers who have a pattern or history of such behavior.

     85.     The policies and customs of Riverdale Park, as set forth herein, demonstrate a gross disregard for the constitutional rights of the public and the Plaintiff. At the time of the injury to the plaintiff, the defendants were operating under unconstitutional customs, policies, and procedures. These customs, policies, and procedures were a proximate cause of the injuries to Mr. Lyles.

WHEREFORE, the Plaintiff demands judgment against defendants, jointly and severally, claims damages and requests that this Honorable Court:

     1.     Award Five Million Dollars ($5,000,000) in compensatory damages;

     2.     Award Five Million Dollars ($5,000,000) in punitive damages;

     3.     Award attorneys' fees and costs; and

4. Award such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

                                      Respectfully submitted,

                                      HANSEL LAW, PC

                                _____/s/_____
                                Cary J. Hansel (Bar No. 14722)
                                2514 N. Charles Street
                                Baltimore, Maryland 21218
                                Phone:     301-461-1040
                                Facsimile: 443-451-8606
                                *Counsel for Plaintiff*