**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **RONNIE D. LYLES,** | * |
| Plaintiff, | * |
| v. | *    Case No.: PWG-15-1056 |
| **CPL JEFF PRAWDZIK,** *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

While arresting Ronnie Lyles for his failure to wear a seatbelt, Town of Riverdale Park ("Riverdale Park") Police Officers Corporal Jeff Prawdzik, PFC Blanco, and Sgt. Slattery allegedly assaulted Lyles, shooting him with a Taser and beating him. Lyles has brought this case against the police officers and Riverdale Park under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss, or in the alternative, to bifurcate, Defs.' Mot., ECF No. 27, some portions of which are not disputed.[1] Counts I and II will be dismissed with respect to Defendants Prawdzik, Blanco, and Slattery in their official capacities only and with respect to Defendant Riverdale Park. Because I find that Lyles has not pleaded facts sufficient to support his *Monell* claims, Counts III and IV will be dismissed. Because I will dismiss Counts III and IV, Defendants' motion in the alternative to bifurcate will be denied as moot.

    **I.**      **STANDARD OF REVIEW**

---

[1] Accompanying Defendants' motion is a memorandum of law. Defs.' Mem., ECF No. 27-1. Lyles has filed an opposition, Opp'n, ECF No. 28, and Defendants have filed a reply, Reply, ECF No. 29. A hearing is unnecessary in this case. *See* Loc. R. 105.6.

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. I must accept the facts as alleged in Plaintiffs' complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

## II.  DISCUSSION

### A.  Counts I and II

Defendants seek dismissal of Counts I and II with respect to Defendants Prawdzik, Blanco, and Slattery in their official capacities and with respect to Defendant Riverdale Park. Lyles states in his opposition that "[t]o clarify, *Counts I and II were not directed toward and not intended to plead any claims against the Town of Riverdale Park*." Opp'n 1. Accordingly,

Counts I and II will be dismissed with respect to Riverdale Park. Lyles also states that Counts I and II were

> meant to refer to the *individual* Defendants, who are the only parties mentioned in the counts themselves. As a result, insofar as the defense motion is targeted any *respondeat superior*, "official capacity" or claims against the Town of Riverdale in Counts I and II, is it [sic] moot as no such claims are asserted.

*Id.* It is unclear if Lyles is also conceding that Counts I and II should also be dismissed against Defendants Prawdzik, Blanco, and Slattery in their official capacities.

A local government entity is a "person[] which may be sued under § 1983 although . . . not on a *respondeat superior* basis." *DiPino v. Davis*, 729 A.2d 354, 368 (Md. 1999); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); 42 U.S.C. § 1983. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell*, 436 U.S. at 690 n.55. Indeed, a local government only may be sued through an official-capacity action, which "is really an action against the governmental entity, of which the official was merely an agent," where the official "'implement[s] governmental law, policy, or custom,' i.e., the deprivation underlying the § 1983 claim is 'caused by a statute, regulation, policy, or custom of the governmental entity' that the official was implementing." *DiPino*, 729 A.2d at 369 (quoting *Ashton v. Brown*, 660 A.2d 447, 468 (Md. 1995)). The suit against the officers in their official capacity is duplicative because Lyles also has brought a *Monell* claim against Riverdale Park. *See Ulloa v. Prince George's County, Md.*, No. DKC-15-257, 2015 WL 7878956, at *6 (D. Md. Dec. 4, 2015) ("Accordingly, because Plaintiffs have failed to state a plausible *Monell* claim alleging that a policy or custom of the County caused the deprivation of Plaintiffs' rights, Plaintiffs have similarly failed to state a claim under § 1983 against [the police officers] in their official capacities."). Because I will dismiss Lyles's *Monell* claims against Riverdale Park as discussed below, I will also dismiss

3

Lyles's claims, to the extent that these claims were intended, against Defendants Prawdzik, Blanco, and Slattery in their official capacities.[2]

### B. Counts III and IV

Counts III and IV allege *Monell* claims against Riverdale Park for violations of the Fourth and Fourteenth Amendment. *See* Am. Compl. 10–13, ECF No. 21. With respect to both of these counts, Lyles has alleged liability based on Riverdale Park's failure "to adequately train, supervise, and discipline officers" and that Riverdale Park "instituted and maintained formal and informal customs, policies, and practices that foster, promote and encourage officers" to violate individuals' protected constitutional rights. *See* Am. Compl. ¶¶ 79, 80, 83, 84. For Count III, Lyles states that that these practices included

> a. The use of excessive force occurs so frequently that it has become accepted manner by the Defendants and other employees of Riverdale Park. This is a result of Riverdale Park's failure to establish effective procedures, rules, orders, guidelines and practices to ensure that excessive force will not be used and to ensure that allegations of excessive force will be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice of excessive force, failure to provide adequate medical care, cover-up, and failure to investigate. This pattern and practice has been manifested in other prior incidents involving town officers.

---

[2] Lyles brought two 42 U.S.C. § 1983 claims against all Defendants: Count (I) under the Fourteenth Amendment for violation of Lyles's "freedom from summary punishment and excessive and unreasonable force" and Count (II) under the Fourth Amendment for violation of Lyles's "freedom from unreasonable search and seizure and arrest without probable cause." Defendants argue that these counts should be consolidated into a single count under the Fourth Amendment, but they only discuss the excessive and unreasonable force allegation of Count I and not the summary punishment allegation. Although Defendants are correct that an excessive force claim should be brought under the Fourth Amendment, *see Estate of Ronald Armstrong v. Village of Pinehurst*, 810 F.3d 892, 899 (4th Cir. 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)), Defendants have provided no support for why Count I as it relates to Lyles's freedom from summary punishment allegation should be brought under the Fourteenth Amendment. As a result, I will treat Lyles's excessive force claim as being part of Count II under the Fourth Amendment, but I will not consolidate Counts I and II.

b. Riverdale Park has failed to effectively instruct officers that they have a duty to prevent and report excessive force when it occurs.

c. Riverdale Park has failed to keep accurate records as to the number of injuries to citizens by members of its police force. This policy encourages the use of force in an improper manner and inhibits Riverdale Park from critically evaluating the need for a change in training.

d. Riverdale Park lacks an effective internal affairs procedure and has no meaningful system to control and monitor the recurrence of excessive force by officers who have a pattern or history of such behavior.

Am. Compl. ¶¶ 80.a–d. For Count IV, Lyles states that that these practices included

a. Arrest without probable cause occurs so frequently that it has become accepted manner by the Defendants and other employees of Riverdale Park. This is a result of Riverdale Park's failure to establish effective procedures, rules, orders, guidelines and practices to ensure that arrests will be supported by probable cause and to ensure that allegations to the contrary will be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice of arrest without probable cause, cover-up, and failure to investigate. This pattern and practice has been manifested in other prior incidents involving town officers.

b. Riverdale Park has failed to effectively instruct officers that they have a duty to prevent and report false arrest when it occurs.

c. Riverdale Park has failed to keep accurate records as to the number of false arrests by members of its police force. This policy encourages arrests without probable cause and inhibits Riverdale Park from critically evaluating the need for a change in training.

d. Riverdale Park lacks an effective internal affairs procedure and has no meaningful system to control and monitor the recurrence of false arrest by officers who have a pattern or history of such behavior.

Am. Compl. ¶¶ 84.a–d.

In Riverdale Park's view, Counts III and IV allege no specific facts to support a *Monell* claim and are based on "boilerplate, conclusory allegations of municipal wrongdoing." *See* Defs.' Mem. 3, 5. Lyles counters that his claims "contain all of the specificity required at this stage and, in many cases, all of the specificity possible" prior to discovery and based on the

specific allegations that "the *Monell* claim turns on the <u>absence</u> of certain policies, procedures and training." Opp'n 4.

Riverdale Park is a "'person[]'" subject to suit under 42 U.S.C. § 1983, as stated in *Monell*, 436 U.S. at 690–91. *DiPino*, 729 A.2d at 368. But, "[u]nder *Monell*, a municipality's liability 'arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009) (quoting *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984)); *see Rockwell v. Mayor & City Council of Balt*., No. CIV.A. RDB-13-3049, 2014 WL 949859, at *11 (D. Md. Mar. 11, 2014) (citing *Walker*). Thus, a *Monell* claim is a form of § 1983 action under which a municipality, such as Riverdale Park, is liable "where a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom." *Smith v. Ray*, 409 Fed. App'x 641, 651 (4th Cir. 2011). The government's policy or custom must have "played a part in the deprivation" underpinning the plaintiff's claim. *DiPino v. Davis*, 729 A.2d 354, 369 (1999). The policy or custom may be "an express policy, such as a written ordinance or regulation"; a decision by "a person with final policymaking authority;" "an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens;" or "a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted)).

To state a *Monell* claim, a plaintiff must allege that "'(1) the municipality [had] actual or constructive knowledge of the custom and usage by its responsible policymakers, and (2) there [was] a failure by those policymakers, as a matter of specific intent or deliberate indifference, to

correct or terminate the improper custom and usage.'" *Rockwell*, 2014 WL 949859, at *11 (quoting *Randall*, 302 F.3d at 210 (internal quotation marks omitted)). The plaintiff also must allege that there was "a 'direct causal link' between the policy or custom and the deprivation of rights." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 386–86 (1989)). Notably, "'there must be numerous particular instances of unconstitutional conduct in order to establish a custom or practice,'" because "[a] municipality is not liable for mere 'isolated incidents of unconstitutional conduct by subordinate employees.'" *Smith v. Ray*, 409 Fed. App'x 641, 651 (4th Cir. 2011)   (quoting *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003)).³

> *Monel* claims based on a failure to adequately train face a higher standard:
>
> A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."
>
> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." A less stringent standard of fault for a failure-to-train claim "would result in *de facto respondeat superior* liability on municipalities . . . ."

*Connick v. Thompson*, 563 U.S. 51, 61-62 (2011) (internal citations omitted).

Lyles's boilerplate allegations are not sufficient to plead his *Monell* claims against Riverdale Park, either with respect to the general *Monell* standard or the higher standard for

---

³   Although Lyles correctly argues that a "a single decision by municipal policymakers" may support a *Monell* claim under certain circumstances, *see* Opp'n 7 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)), *Smith* clarifies that this is not the case in situations, like here, that involve allegedly unconstitutional conduct by subordinates.

failure to train claims.[4] Lyles amended complaint contains no specifics with respect to the policies and practices that Riverdale Park does or does not employ. The claims are generalized and contain no details about these policies and practices and how they are inadequate, inaccurate, or ineffective. Lyles has only identified his own "isolated incident" of alleged liability on the part of Riverdale Park with any particularity, which is a far cry from the "numerous particular instances of unconstitutional conduct" necessary "to establish a custom or practice." *Lytle*, 326 F.3d at 473; *see Smith*, 409 Fed. App'x at 651.

Lyles has stated that both the use of excessive force and arrest without probable cause "occur[] so frequently that [they] ha[ve] become accepted manner by the Defendants and other employees of Riverdale Park." *See* Am. Compl. ¶¶ 80.a & 84.a. If true, Lyles should have had no difficulty pleading particular facts to back up this conclusory allegation, yet he does not provide reference any specific occurrences of these alleged violations of constitutional rights. I "may properly take judicial notice of matters of public record" when reviewing a Rule 12(b)(6) motion. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A search for United States District Court for the District of Maryland cases against Riverdale Park police reveals only one case. *See Iroegbu v. Town of Riverdale Park*, No. TDC-13-3593, 2014 WL 6460602 (D. Md. Nov. 14, 2014). This case was dismissed with prejudice because the plaintiff failed to participate in discovery. *See id.* This single instance is not "numerous" and does not "establish a custom or practice." *See Lytle*, 326 F.3d at 473; *Smith*, 409 Fed. App'x at 651. Consequently, this case does not support Lyles's assertion that Riverdale Park had a policy or custom that violated § 1983. *See Lytle*, 326 F.3d at 473; *Smith*, 409 Fed. App'x at 651.

---

[4] The parties dispute which standard applies to the failure to supervise claim: the general *Monell* standard or a higher standard applied in failure to supervise claims brought against officials in their individual capacity. *See Shaw v. Stroud*, 13. F.3d 791, 799 (4th Cir. 1994). Plaintiff fails to meet his pleading requirements under either standard.

In sum, Plaintiff has not pleaded an adequate description of the alleged custom or practice, nor established it through sufficient examples. *See Rockwell*, 2014 WL 949859, at *11; *Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (affirming district court conclusion that "appellants 'failed to make any allegations in their complaint in regards to the existence of the County's policy, custom, or practice, therefore failing to plead' a viable *Monell* claim"); *see also Smith*, 409 Fed. App'x at 651 (affirming summary judgment in favor of city where plaintiff "failed to present any convincing evidence that a policy or custom ha[d] developed regarding the use of excessive force, sexual assaults or any other unconstitutional actions by officers"). Therefore, Counts III and IV will be dismissed.

### III.  CONCLUSION

Defendants' motion to dismiss or, in the alternative, to bifurcate is GRANTED in part and DENIED in part. Counts I and II are dismissed against Riverdale Park and Prawdzik, Blanco, and Slattery in their official capacities. Counts I and II against Prawdzik, Blanco, and Slattery in their individual capacities remain. Counts III and IV are dismissed against Riverdale Park. Defendants' motion in the alternative to bifurcate with respect to the *Monell* claims against Riverdale Park is denied as moot.

Separately, I will enter a Scheduling Order and a Discovery Order and schedule a Fed. R. Civ. P. 16 conference call with the parties to discuss further pretrial proceedings.

**ORDER**

Accordingly, it is this 22nd day of June, 2016, hereby ORDERED that Defendants' motion to dismiss or, in the alternative, to bifurcate, ECF No. 27, is GRANTED in part and DENIED in part as follows:

1. Defendants' motion to dismiss with respect to Counts I and II against Riverdale Park and Prawdzik, Blanco, and Slattery in their official capacities IS GRANTED;

2. Defendants' motion to dismiss with respect to Counts III and IV against Riverdale Park IS GRANTED; and

3. Defendants' motion in the alternative to bifurcate IS DENIED as moot.

So ordered.

                                               /S/
                                   Paul W. Grimm
                                   United States District Judge

dpb